OPINION
On January 8, 2000, members of the Canton Police Department S.W.A.T. Team and Vice Unit executed a search warrant at the residence of Mark Hill, located at 2004 2nd Street, N.E., in Canton. Detective Charles Saylor of the S.W.A.T. Team, served as the point man as the police executed the warrant. When the officers identified themselves as police, Mark Hill slammed the door shut. The officers broke through the glass and screen door, and rammed the inner door. When the police entered the home, Mark Hill ran to the kitchen area of the house, and turned right. Two officers chased Hill. Detective Saylor went to the left and then straight, and came to a counter which divided the kitchen from the living room. Appellant Bobby Odell Goodwin was standing by the counter. Saylor observed a torn piece of plastic in appellant's right hand. The detective ordered appellant to the ground. Appellant did not comply, but turned and placed his right hand on the counter, laying the piece of plastic on the counter. When Detective Saylor grabbed appellant to place him on the ground, he saw appellant throw something from his right hand, which Detective Saylor could not retrieve. Saylor noticed several brown fragments on top of the plastic appellant placed on the counter. From his experience, Saylor believed the objects were rocks of cocaine. As Saylor was securing appellant, he noticed that the other officers had Mark Hill on the ground. He was not sure if Hill was thrown to the ground or went down on his own, as the officers were sliding in dog urine and water on the floor. Hill was struggling as the officers attempted to handcuff him, and chewing on something. Eventually, officers forced Hill to spit out the crack-cocaine he was attempting to swallow. After the house had been secured by the S.W.A.T. Team, Officer Michael Reese, of the Vice Unit, entered the residence to execute the search warrant. He saw appellant laying on the kitchen floor, and searched him incident to arrest. Appellant had $400 in his right shoe underneath the insole, and $126 in his front pants pocket. The money tested negative for cocaine residue. Appellant was indicted by the Stark County Grand Jury with one count of possession of cocaine, in violation of R.C. 2925.11 (A). He was charged with possession of seven rocks of crack cocaine, weighing 1.51 grams. The case proceeded to jury trial in the Stark County Common Pleas Court. At trial, Tamika Thompson, Mark Hill's twelve-year old step-daughter, testified that the police hit Hill with a gun and knocked him to the floor, causing Hill's arm to knock cocaine off the counter. According to Tamika, the cocaine slid toward appellant, but the drugs did not belong to appellant. Donna Hill, appellant's aunt, testified that she loaned the $400 to appellant so he could purchase a car. Appellant testified that he did not have any cocaine that night, and did not place anything on the counter. He testified that the cocaine came from Hill, as the police tackled him to the ground and struggled with him. Appellant was convicted as charged. He was sentenced to a term of incarceration of thirteen months. He assigns a single error on appeal:
 ASSIGNMENT OF ERROR APPELLANT'S CONVICTION ON ONE COUNT POSSESSION OF COCAINE IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
Appellant argues that the conviction is supported by insufficient evidence, and that the jury's verdict is against the manifest weight of the evidence. Both claims focus primarily on Detective Saylor's identification of appellant. Appellant argues that Detective Saylor mistook appellant for his uncle, Mark Hill, as the person in possession of the crack-cocaine. With respect to sufficiency of the evidence, sufficiency is a term of art meaning the legal standard applied to determine whether the case may go to the jury, or whether the evidence is legally sufficient to support the verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency is a test of adequacy, and whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. at 386-87. A conviction based on legally insufficient evidence constitutes a denial of due process. Id. In the instant case, sufficient evidence was presented to permit the jury to conclude beyond a reasonable doubt that appellant possessed the crack-cocaine found in the residence. Detective Saylor testified that he saw appellant place a torn piece of plastic on the counter as the police rushed into the residence. Detective Saylor observed a small brown fragment, which appeared to him to be crack-cocaine, on top of this torn piece of plastic on the counter. Subsequent lab tests confirmed that these objects were seven rocks of crack-cocaine weighing 1.51 grams. This evidence was sufficient, if believed by the jury, to convict appellant of the charged offense. In considering a manifest weight claim, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way. Id. at 387. The discretionary power to grant a new trial should be exercised only in the exceptional case where the evidence weighs heavily against conviction. Id. Appellant claims that Detective Saylor's identification of appellant is unreliable. However, Detective Saylor testified that Mark Hill was wearing all black, while appellant was wearing a yellow shirt. He testified that he recognized Mark Hill from previous experience. He clearly testified that Mark Hill was the person who came to the door, slammed the door, and ran to the right. While two officers chased Mark Hill, Detective Saylor went a different direction, finding appellant standing by the counter. Detective Saylor had an opportunity to closely view appellant, as he had to throw appellant to the floor. Detective Saylor clearly testified that he saw the plastic in appellant's hand when he first entered the area where appellant was standing, and saw appellant lay the plastic on the counter. The brown fragments on the plastic were tested, and determined to be crack-cocaine. The judgment is not against the manifest weight of the evidence. The assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Wise, J., and Edwards, J., concur